UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>GUY F. MEDLEY,<br>    Debtor.<br>_____ | Case No. 13-12371<br>Chapter 7 |
| GUY F. MEDLEY,<br>    Plaintiff,<br><br>v.<br><br>CITIZENS SOUTHERN BANCSHARES, INC.,<br>and WILLIAM C. CARN, III, in his capacity as<br>Trustee of the Bankruptcy Estate of Guy F. Medley,<br>    Defendants. | Adv. Proc. 15-01034 |
| In re:<br><br>MICHAEL A. MEDLEY,<br>    Debtor.<br>_____ | Case No. 13-12182<br>Chapter 7 |
| MICHAEL A. MEDLEY<br>    Plaintiff,<br><br>v.<br><br>CITIZENS SOUTHERN BANCSHARES, INC.,<br>and WILLIAM C. CARN, III, in his capacity as<br>Trustee of the Bankruptcy Estate of Michael A. Medley,<br>    Defendants. | Adv. Proc. 15-01036 |

## MEMORANDUM OPINION

These adversary proceedings, which seek declaratory judgments, involve a dispute between the debtors, Guy F. Medley and Michael A. Medley,[1] and the trustee, William C. Carn, III, regarding the legal responsibility for the payment of the 2014 tax liabilities attributable to the Medleys' stock ownership. The debtors

---

[1] Guy F. Medley is the father of Michael A. Medley.

contend that the liability is that of the bankruptcy estate, but the trustee asserts that the liability is that of the debtors. For the following reasons, the court finds that the trustee is responsible for the 2014 tax liability attributable to the income associated with the Medleys' stock ownership.

## Jurisdiction

The court's jurisdiction in these matters is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, the parties agree that this dispute is a core proceeding under 28 U.S.C. § 157 thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Undisputed Facts

The relevant facts are not disputed. On November 15, 2013 and December 18, 2013, involuntary petitions under chapter 7 were commenced in this court against Michael A. Medley and Guy F. Medley, respectively. On January 9, 2014 and February 19, 2014, the court adjudicated Michael A. Medley and Guy F. Medley as debtors under chapter 7 of title 11, and orders of relief entered, respectively.

As of the date of the bankruptcies, both of the debtors owned shares of stock in Citizens Southern BancShares, a holding company for Citizens State Bank. Citizens Southern BancShares, a sub-chapter S corporation, issued each of the debtors K-1's reflecting passive income attributable to them for their ownership of the stock during calendar year 2014. Said K-1's resulted in additional tax liability for each of the debtors for tax year 2014.

Also, as of the date of the bankruptcies, each of the debtors had pledged their shares of stock in Citizens Southern BancShares to AlaStar, a creditor, as security for a loan. Ultimately and for the benefit of the bankruptcy estate, the trustee sold the debtors' Citizens Southern BancShares stock.

Neither of the debtors made a timely election under 26 U.S.C. § 1398 (often referred to as the "short year election") in order to bifurcate the 2014 tax year.

## Conclusions of Law

The thrust of the trustee's argument is that the debtors are responsible for the

2014 taxes arising from passive income associated with their stock ownership in Citizens Southern BancShares because they failed to make elections under 26 U.S.C. § 1398(d)(2).[2]

The trustee is correct that, under 26 U.S.C. § 1398, an individual chapter 7 debtor may elect to treat the year in which bankruptcy is commenced as two taxable short years. The first year begins on the first day of the tax period and ends on the day before the commencement of the chapter 7 case. The second short year begins on the date that the chapter 7 case is commenced and ends on the last day of the tax year.

Under the statutory scheme, the consequence of a debtor making the § 1398(d)(2) election is to allow the taxing authority to make a claim against the bankruptcy estate for any tax liability arising in the first short year. If, however, the debtor does not make the election, the tax liability for the entire tax year is considered a post-bankruptcy debt for which the taxing authority has no claim against the bankruptcy estate. *In re Turboff*, 93 B.R. 523, 525-26 (Bankr. S.D. Tex. 1988); *In re Mirman*, 98 B.R. 742, 745 (Bankr. E.D. Va. 1989); *In re Moore*, 132 B.R. 533, 535 (Bankr. W.D. Pa. 1991); *In re Saunders*, 155 B.R. 405, 417 (Bankr. W.D. Tex. 1993).

Because the debtors in the cases *sub judice* did not make the § 1398(d)(2) election, the trustee maintains that the liability for the entire 1994 tax year is treated as a post-petition debt for which liability cannot attach to the bankruptcy estate; only to the debtors. That contention is, upon first glance, appealing but fails on closer look.

Once the debtors were adjudicated bankrupts on January 9 and February 19, 2014, their property and property interests, with certain exceptions not applicable

---

[2] That section of the tax code in relevant part provides:

"(2) **Election to terminate debtor's year when case commences.--**

(A) **In general.**-- Notwithstanding section 442, the debtor may (without the approval of the Secretary) elect to treat the debtor's taxable year which includes the commencement date as 2 taxable years--
    (i) the first of which ends on the day before the commencement date, and
  (ii) the second of which begins on the commencement date."

26 U.S.C. § 1398(d)(2).

here, became property of their respective bankruptcy estates.[3] 11 U.S.C. § 541. *See also Isaac v. IMRG*, 224 F. App'x 907, 909 (11th Cir. 2007) (holding that "[t]he commencement of a bankruptcy case creates an estate which is comprised of, among other things, all legal or equitable interests of the debtor in property as of the commencement of the case.") (citations omitted); *In re Halabi*, 184 F.3d 1335, 1337 (11th Cir. 1999) (holding that the trustee succeeds to the rights that the bankrupt possessed). Therefore, as of the commencement of these cases, the bankruptcy estate was the owner of the debtors' stock in the sub-chapter S corporation.

26 U.S.C. § 1398(e)(1)[4] addresses how income is allocated between an individual debtor and the bankruptcy estate. Under that section of the tax code, the bankruptcy estate is entitled to the individual debtor's income or loss from the bankruptcy commencement date while any items of income or loss received or accrued before the bankruptcy filing remain with the debtor. *Williams v. C.I.R.*, 123 T.C. 144, 149 (2004). Hence, the bankruptcy estates of these debtors was entitled to any income from the debtors' stock after the debtors were adjudicated bankrupt. Further, the income or loss of an S corporation is determined as of the last day of the corporation's taxable year. *Id.*; *Kumar v. C.I.R.*, 106 T.C.M. (CCH) 109 (T.C. 2013) (explaining that "an S corporation's items of income, gain, loss, deduction, and credit—whether or not distributed—flow through to the shareholders, who must report their pro rata shares of such items on their individual income tax returns for the shareholder taxable year within which the S corporation's taxable year ends"). Because the debtors filed for bankruptcy before the last day of the S corporation's tax year, gains or losses of the corporation for that year flow

---

[3] In involuntary cases, the case "commences" for the purposes of § 1398 once the court enters orders for relief and not merely upon the filing of the petition. *In re Kreidle*, 146 BR. 464, 470 (Bankr. Colo. 1991). *See also In re Alpine Lumber and Nursery,* 13 B.R. 977, 979 (Bankr. S.D. Cal. 1981).

[4] The statute provides:

"(e) **Treatment of income, deductions, and credits.--**

(1) **Estate's share of debtor's income.--** The gross income of the estate for each taxable year shall include the gross income of the debtor to which the estate is entitled under Title 11 of the United States Code. The preceding sentence shall not apply to any amount received or accrued by the debtor before the commencement date (as defined in subsection (d)(3))."

26 U.S.C. § 1398(e)(1).

through in their entirety to the bankruptcy estate pursuant to 26 U.S.C. § 1366(a)(1)[5]. Thus, the K-1's provided to the debtors should have been provided the trustee of their bankruptcy estates.

## Conclusion

For the foregoing reasons, the court finds that the trustee is responsible for the taxes arising from the income attributable to the sub-chapter S stock ownership for the 2014 tax year. A judgment consistent with this memorandum opinion will enter separately.

Done this the 17th day of May, 2016.

*Dwight A. Williams, Jr.*

Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Collier H. Espy, Jr., Plaintiffs' Attorney
　C. Ellis Brazeal, III, Attorney for Defendant Citizens Southern BancShares, Inc.
　William W. Nichols, Attorney for Defendant Trustee
　Williams C. Carn, III, Trustee

---

5 The statute provides:

"**(1) In general.**-- In determining the tax under this chapter of a shareholder for the shareholder's taxable year in which the taxable year of the S corporation ends (or for the final taxable year of a shareholder who dies, or of a trust or estate which terminates, before the end of the corporation's taxable year), there shall be taken into account the shareholder's pro rata share of the corporation's--

  (A) items of income (including tax-exempt income), loss, deduction, or credit the separate treatment of which could affect the liability for tax of any shareholder, and
  (B) nonseparately computed income or loss."

26 U.S.C. § 1366(a)(1).